1.12    "Final Valuation Date" shall mean the date of entry of the Judgment or the date of entry of an Order approving the award of fees and costs to Class Action Plaintiff's Counsel, whichever is later.

1.13    "Individual Defendants" shall mean Paul G. Allen, Jerald L. Kent, Carl E. Vogel, Kent Kalkwarf, David G. Barford, Paul E. Martin, David L. McCall, Bill Shreffler, Chris Fenger, and James H. Smith III.

1.14    "Judgment" shall mean the judgment to be rendered by the Court dismissing the Class Action with prejudice, substantially in the form and content attached hereto as Exhibit A.

1.15    "Judgment Valuation Formula" shall mean the weighted average of the closing price of Charter's common stock for the thirty (30) calendar days prior to the Final Valuation Date.

1.16    "Non-Settling Class Action Defendants" shall mean Scientific-Atlanta, Inc, and Motorola, Inc.

1.17    "Parties" shall mean, collectively, each of the Class Action Defendants and the Class Action Plaintiff on behalf of itself and the Members of the Settlement Class.

1.18    "Payment to Underwriters" shall mean Charter's issuance to the Law Firm of Hanson Peters Nye, for the benefit of Underwriters, shares of Charter Class A common stock having an aggregate value of $5 million, in accordance with the Underwriters Agreement. These shares shall be issued pursuant to section 3(a)(10) of the Securities Act of 1933 and shall not constitute "restricted securities."

1.19    "Person" shall mean an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, and assigns.

1.20    "Plan of Allocation" shall mean a plan or formula of allocation of the Net Settlement Fund which shall be described in the "Notice of Pendency and Proposed Settlement of Class Action" to be sent to Settlement Class Members in connection with the Settlement whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, any taxes, penalties or interest or tax preparation fees owed by the Escrow Account or the Settlement Fund, such attorneys' fees, costs, expenses and interest as may be awarded by the Court, and any compensatory award awarded by the Court to Class Action Plaintiff, as described in ¶ 5.1 below. Any Plan of Allocation is not part of the Stipulation.

1.21    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶ 1.33 below) demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether in contract, tort, equity or otherwise, whether or not concealed or hidden, asserted or that might have been asserted in this or any other forum or proceeding, including, without limitation, claims for negligence,

1244965

gross negligence, indemnification, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, breach of fiduciary duty, negligent misrepresentation, unfair competition, insider trading, professional negligence, mismanagement, corporate waste, breach of contract, or violations of any state or federal statutes, rules or regulations, by or on behalf of the Class Action Plaintiff, the Settlement Class, or any Settlement Class Member against the Released Class Action Parties (as defined in ¶ 1.22 below) which are in any way based upon or related to (a) the purchase of, acquisition of, or investment in Charter common stock by any Settlement Class Member during the Settlement Class Period (whether on the open market or otherwise), (b) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act and/or to supervise Charter officers or employees which were or could have been alleged in the Class Action or the Shareholder Derivative Actions, (c) the facts which were alleged in any papers filed in the Class Action or in the Shareholder Derivative Actions, and/or (d) the administration of the Escrow Account, Settlement Fund, Net Settlement Fund or Plan of Allocation.

1.22    "Released Class Action Parties" shall mean each and every one of the following:  the Settling Class Action Defendants and all entities owned, affiliated or controlled by them, all current and former Charter directors and officers and each of their respective agents, employees, consultants, insurers, attorneys, advisors, successors, heirs, assigns, executors, personal representatives, marital communities and immediate families. However, Released Class Action Parties does not include defendants Motorola, Inc., or Scientific Atlanta, Inc.  Released Class Action Parties shall include Andersen to the extent the Court approves the Stipulation of Settlement with Andersen dated January 13, 2005 (the "Andersen Settlement"), and the Andersen Settlement becomes Final pursuant to its terms.

1.23    "Settlement Class" shall mean all persons or entities that purchased or otherwise acquired Charter common stock during the period of November 8, 1999 through and including August 16, 2002.  Excluded from the Class shall be the Class Action Defendants and their corporate affiliates; any officers or directors of Charter; or members of their immediate families, and their heirs, successors and assigns; and any entities controlled directly or indirectly by Paul G. Allen.

1.24    "Settlement Class Member" or "Member of the Settlement Class" shall mean a Person who falls within the definition of the Settlement Class as set forth in ¶ 1.23, above.

1.25    "Settlement Class Period" shall mean the period from November 8, 1999 through and including August 16, 2002.

1.26    "Settlement Cash" shall mean the principal amount of $64 million in cash, for and on behalf of the Settling Class Action Defendants, less the cost of notice, plus interest earned or accrued thereon.

1.27    "Settlement Fund" shall mean the Settlement Cash and Settlement Securities.

1.28    "Settlement Securities" shall mean the $40 million in common stock (subject to the adjustments set forth in ¶ 2.8 below) and $40 million in warrants to purchase common stock, to be issued by Charter pursuant to ¶¶ 2.9, 2.10, and 2.11 below.

1244965

1.29    "Settling Class Action Parties" shall mean Class Action Plaintiff, each Settlement Class Member, and Settling Class Action Defendants.

1.30    "Settling Class Action Defendants" shall mean Charter, Paul G. Allen, Jerald L. Kent, Carl E. Vogel, Kent Kalkwarf, David G. Barford, Paul E. Martin, David L. McCall, Bill Shreffler, Chris Fenger, and James H. Smith III and Andersen (to the extent the Court approves the Andersen Settlement and the Andersen Settlement becomes Final pursuant to its terms).

1.31    "Underwriters Agreement" shall mean the Settlement Agreement and Mutual Release executed by Charter and Underwriters, dated as of January 14, 2005, and attached hereto as Exhibit B.

1.32    "Shareholder Derivative Actions" shall mean the derivative actions filed in the Circuit Court for the City of St. Louis, entitled *Kenneth Stacey, Derivatively on Behalf of Nominal Defendant Charter Communications, Inc.  v. Ronald L. Nelson, et al., and Charter Communications, Inc.*, No. 022-10625, *Aaron Cane, Derivatively on behalf of Nominal Defendant Charter Communications, Inc., v. Ronald L. Nelson, et al., and Charter Communications, Inc.*, No. 022-11450, *Thomas Schimmel, Derivatively on behalf of Nominal Defendant Charter Communications v. Ronald L. Nelson, et al., and Charter Communications, Inc.*, No. 044-0858, and consolidated as *In re Charter Communications, Inc. Shareholder Derivative Litigation*, Index No. 022-10625; and the derivative action filed in the United States District Court for the Eastern District of Missouri, entitled *Arthur J. Cohn, Derivatively on behalf of Nominal Defendant Charter Communications, Inc.  v. Ronald L. Nelson, et al., and Charter Communications, Inc.*, Case No. 4:03CV00177 ERW.

1.33    "Unknown Claims" shall mean any Released Claims which the Class Action Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Class Action Parties which, if known by him, her or it, might have affect his, her or its settlement with and release of the Released Class Action Parties, or might have affected his, her or its decision not to object to, or opt out of, this Settlement.  With respect to any and all Released Claims, the Settling Class Action Parties stipulate and agree that, upon the Effective Date, the Class Action Plaintiff expressly waives and relinquishes, and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Class Action Plaintiff expressly waives and the Settlement Class Members shall be deemed to have waived, and upon the Effective Date and by operation of the Judgment shall have waived any and all provisions, rights and benefits conferred by any law of the United States or of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  The Class Action Plaintiff and the Settlement Class Members may hereafter discover facts in

1244965

- 11 -

addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each of them hereby stipulate and agree that the Class Action Plaintiff does settle and release, and each Settlement Class Member shall be deemed to have, and upon the Effective Date and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, all Released Claims that are in any way based on or related to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Class Action Parties acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which this release is a part.

### b. **The Settlement Consideration**

2.1.    In full and final settlement of all claims asserted or referred to in the Class Action, and all claims that have been and could be asserted by Class Action Plaintiff and the Settlement Class against the Settling Class Action Defendants in the Class Action, the Settling Class Action Defendants agree to the following consideration (the "Settlement Consideration").

### i. **Settlement Cash**

2.2.    Within five (5) business days after preliminary approval of the Settlement of the Class Action as provided in ¶ 5.1 below (the "Settlement Cash Funding Date"), Charter shall cause Charter's Insurance Carriers to wire transfer $64 million to the Escrow Account.

2.3.    The reasonable and necessary costs of administration, notice to Class Members and taxes shall be paid out of the Settlement Cash, as set forth in ¶ 8.2 below, without further order of the Court.

2.4.    In the event that the Stipulation of Settlement does not become effective, or the Settlement does not become Final, as that term is defined in ¶ 1.11 above, all monies held in the Escrow Account (less amount necessary to pay costs, as documented in ¶ 2.3 above) shall be returned to Charter's Insurance Carriers within seven (7) business days. Class Action Plaintiff, the Settlement Class Members, the Settlement Administrator, and the Class Action Plaintiff's Counsel shall have no responsibility for any costs as described in ¶ 2.3 above.

2.5.    On or after the Effective Date, but under no circumstances before the Effective Date, the Settlement Cash shall be released for the benefit of the Settlement Class Members.

2.6.    Settling Class Action Parties agree that, in consideration for the Settlement of the Shareholder Derivative Actions and their contribution to the corporate governance reforms identified in Exhibit C hereto, an amount up to but no greater than $2.25 million shall be paid from the Settlement Cash to the counsel for plaintiffs in the Shareholder Derivative Actions, subject to Court approval and the settlement of the Shareholder

1244965

- 12 -

Derivative Actions becoming final and effective pursuant to its terms. The Class Action Plaintiff and Class Action Plaintiff's Counsel agree that any sums to be paid in settlement of the Shareholder Derivative Actions, shall be paid out of the proceeds described in ¶ 2.2 to ¶ 2.11, without further contribution by any of the Settling Class Action Defendants, the Released Class Action Parties, Charter's Insurance Carriers or any of the defendants in the Shareholder Derivative Actions.

2.7.    Under no circumstances shall any portion of the Settlement Cash revert to Charter or Charter's Insurance Carriers unless the Settlement is terminated pursuant to ¶¶ 10.1-10.9 below.

### ii.  Settlement Securities

2.8.    Five (5) business days after the Final Valuation Date, Charter shall cause the following securities to be issued and transferred to the Escrow Account for the benefit of the Class Members and their counsel:  (a) Charter common stock having an aggregate value of $40 million to be determined pursuant to ¶ 2.10 below; and (b) warrants to purchase Charter common stock having an aggregate value of $40 million to be determined pursuant to ¶ 2.11 below.  The Settlement Securities shall be issued pursuant to section 3(a)(10) of the Securities Act and shall not constitute "restricted securities."  All costs associated with the issuance of the Settlement Securities shall be borne by Charter.

2.9     On or after the Effective Date, but under no circumstances before the Effective Date, the Settlement Securities shall be released for the benefit of the Settlement Class Members.

2.10    Charter common stock having an aggregate value of $40 million shall be determined as follows:  The number of shares to be issued shall be determined by dividing $40 million by the weighted average of the closing price of Charter's common stock for thirty (30) calendar days prior to August 5, 2004.  This number (the "Original Number of Shares") will be subject to the following adjustments:

(a)     Downside protection.  In the event that as of the date the Judgment is entered by the Court the aggregate value of the Original Number of Shares, based on the Judgment Valuation Formula, is less than $40 million, Charter shall contribute sufficient shares to create $40 million of value based on the Judgment Valuation Formula.  Provided, however, in the event that the shares of Charter common stock as reflected in the Judgment Valuation Formula is less than $2.25 per share, then Charter may in its sole discretion terminate the Settlement.

(b)     Upside allocation.  In the event that the aggregate value of the Original Number of Shares exceeds $44 million on the Final Valuation Date based on the Judgment Valuation Formula, the number of shares of common stock that Charter shall issue to satisfy its obligations pursuant to the Settlement shall be reduced so that the aggregate value is $44 million, plus 50% of the excess of $44 million, up to and including an aggregate value of $54 million based on the Judgment Valuation Formula.  By way of example, if on the Final Valuation Date, the aggregate value of the Original Number of Shares based on the Judgment Valuation Formula is $48 million, then Charter shall issue shares with an

1244965

aggregate value of $46 million. In no event, however, shall the aggregate value of the shares of common stock that Charter shall issue to satisfy its obligations pursuant to the Settlement exceed $54 million, based on the Judgment Valuation Formula.

(i)   In the event that the counsel for plaintiffs in the Shareholder Derivative Actions are awarded attorneys' fees and costs in excess of $2 million (but in no event greater than $2.25 million), then the Settlement Class Members shall be entitled to the benefit of the appreciation of the Original Number of Shares in excess of $4 million above $40 million, based on the Judgment Valuation Formula, on a ratio of two dollars for every dollar of fees and costs awarded by the Court, up to $500,000. By way of example, in the event that the Court awards counsel for plaintiffs in the Shareholder Derivative Actions $2.25 million in fees and costs, and the aggregate value of the Original Number of Shares based on the Judgment Valuation Formula on the Final Valuation Date is: (A) $44.5 million, then all Original Number of Shares shall be transferred to the Escrow Account; or (B) $46 million, then shares with an aggregate value of $45.5 million as computed by the formula for determining the Judgment Valuation Formula shall be transferred to the Escrow Account.

2.11.   Warrants to purchase Class A common stock having an aggregate value of $40 million, the terms of which are described in Exhibit D, shall be determined as follows: (i) the exercise price per share of Class A common stock under each warrant shall equal 150% of the volume weighted average price of the Charter Class A common stock during the thirty day period ending on the Final Valuation Date, as determined by the Bloomberg VAP function, and (ii) the number of warrants to be issued, shall be determined by dividing $40 million by the Black-Scholes Warrant Value of each warrant as of the Final Valuation Date. The "Black-Scholes Warrant Value" shall be calculated by using the following inputs on the Bloomberg page titled CHTR EQUITY OV (Exotic Option Type 4): 10 year maturity; volatility of 50%; strike price equal to the price indicated in (i) above. Charter shall use its best efforts to cause the warrants to be listed on a national exchange of its choice, such as NASDAQ, consistent with the rules of such exchange, and will use reasonable efforts to obtain market makers for the warrants.

### iii.  Non-Monetary Consideration

2.12   In joint consideration for the Settlement of the Class Action and the Shareholder Derivative Actions, Charter will take steps reasonably required to implement the corporate governance provisions set forth in Exhibit C.

### c.  Administration Of The Settlement Consideration

### i.  The Escrow Agents

3.1   The Escrow Agents shall invest the Settlement Fund in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at the current market rates.

3.2   The Escrow Agents shall not disburse the Settlement Fund except as provided in the Stipulation, or by an order of the Court, (provided said order is consistent with the

1244965

terms of the Stipulation) or with the written agreement of counsel for the Settling Class Action Defendants and Class Action Plaintiff's Counsel.

       3.3    Subject to such further order and direction by the Court as may be necessary, the Escrow Agents are authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

       3.4    All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court consistent with the terms of the Stipulation.

       3.5    All costs and expenses associated with the Settlement, the Settlement Fund, including but not limited to any taxes, administrative costs, and costs of providing notice of the proposed Settlement to the Settlement Class, shall be paid from the Settlement Cash, and in no event shall any of the Settling Class Action Defendants, Class Action Plaintiff, Settlement Class Members, or their counsel bear any responsibility for any such costs or expenses, except that Charter shall bear all costs associated with the issuance of the securities portion of the Settlement Fund.

       3.6    On or after the Effective Date, but under no circumstances before the Effective Date, upon the advice and consent of Class Action Plaintiff and Class Action Plaintiff's Counsel, and to the extent practicable, the Escrow Agents may sell portions of, or the entirety of, the Settlement Securities prior to distribution to the Authorized Claimants. With respect to the Charter stock, the shares may be sold at a price equal to or greater than the closing price of Charter Common Stock as quoted on the NASDAQ on the Final Valuation Date. The warrants may be sold only at a price that is equal to or greater than a price per warrant determined by the total number of warrants issued divided by $40,000,000. No Person, including any Settlement Class Member, shall have any claim against anyone (including but not limited to the Escrow Agents, Charter, Class Action Plaintiff, or Class Action Plaintiff's Counsel) arising out of or relating to the sale of or failure to sell any of the Settlement Securities. All cash generated from such sales will be contributed to the Escrow Account.

       **ii.**      **Taxes**

       3.7  (a)      The Settling Class Action Parties and the Escrow Agents agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1. In addition, the Escrow Agents and, as required, Charter and Charter's Insurance Carriers contributing any settlement consideration shall jointly and timely make the "relation-back election" (as defined in Treas. Reg. Section 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agents to timely and properly prepare, and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

1244965

(b)     For the purposes of Section 468B of the Internal Revenue Code of 1986, and Treas. Reg. Section 1.468B, the "administrator" shall be the Escrow Agents. The Escrow Agents shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. Section 1.468B-2(l)). Such returns (as well as the election described in ¶ 3.7(a)) shall be consistent with this ¶ 3.7 and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 3.7(c) hereof.

(c)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 3.7) ("Tax Expenses"), shall be paid out of the Settlement Cash; in all events the Released Class Action Parties shall not have any liability or responsibility for the Taxes, the Tax Expenses, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority. The Escrow Agents shall indemnify and hold the Released Class Action Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agents out of the Settlement Fund without prior order from the Court, and the Escrow Agents shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)); the Released Class Action Parties are not responsible and shall have no liability therefor, or for any reporting requirements that may relate thereto. The Settling Class Action Parties hereto agree to cooperate with the Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 3.7.

### d.  Certification of the Settlement Class.

4.1     For the sole purpose of implementation, approval and consummation of the Settlement, the Settling Class Action Parties stipulate and agree that the Court may enter an order certifying the Settlement Class, and appointing the Class Action Plaintiff as the representative of the Settlement Class.

4.2     Certification of the Settlement Class and appointment of Settlement Counsel by the Court, as set forth herein, shall be binding only with respect to the Settlement set forth in the Stipulation. In the event that this Stipulation is terminated or cancelled or that the Effective Date does not occur for any reason, the stipulated certification of the Settlement Class shall be vacated and the Class Action shall proceed as though the Settlement Class had never been certified. Except to effectuate the Settlement, neither the Settling Class Action Parties, their respective counsel, nor any member of the Settlement Class shall cite, present as evidence or legal precedent, rely upon, make reference to or otherwise make any use whatsoever of this stipulated certification of the Settlement Class, in this Class Action or in any other proceeding.

1244965

### e.   Notice Order And Settlement Hearing

5.1.    Promptly after execution of the Stipulation, but in no event later than ten (10) days after the Stipulation is signed (unless such time is extended by the written agreement of Class Action Plaintiff's Counsel and counsel for Charter), the Settling Class Action Parties shall submit the Stipulation together with its Exhibits to the Court, along with the Stipulation of Settlement between Class Action Plaintiff and Andersen, and shall jointly apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit E hereto, requesting certification of the Settlement Class, preliminary approval of the Settlement, and approval for the mailing and publication of a Notice of Pendency and Proposed Settlement of Class Action (substantially in the form and content of Exhibit E-1 hereto), which shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (as defined in ¶ 9.1), the request for Class Action Plaintiff's Compensatory Award for time and expenses relating to the representation of the Class pursuant to §27(2)(B)(4) of the Private Securities Litigation Reform Act of 1995, and the date of the Settlement Hearing (as defined below in ¶ 5.2).

5.2.    The Settling Class Action Parties shall request that, after notice is given, the Court hold a Hearing (the "Settlement Hearing") and finally approve this Settlement as set forth herein.  At or after the Settlement Hearing, Class Action Plaintiff's Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and the Class Action Plaintiff's Compensatory Award.

### f.   Entry of Judgment and Discharge of All Contribution Claims

6.1.    The Settling Class Action Parties agree to the entry of Judgment substantially in the form and content of Exhibit A (which to the extent practicable shall be consistent with the Judgment entered for the Stipulation of Settlement with Andersen).

6.2.    The Judgment proposed to the Court shall include a bar order stating the following:

(a)    In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claim, including, but not limited to, any claims that are based upon, arise out of or relate to the Class Action, and/or any claims that were alleged or could have been alleged in the Amended Complaint or Second Amended Complaint (i) by any Person against a Settling Class Action Defendant, and (ii) by any Settling Class Action Defendant against any Person other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, any Person, including, without limitation Andersen and each and every Non-Settling Class Action Defendant (and all Persons purporting to act on his, its, or their behalf, and all Persons purporting to claim by or through him, it, or them, whether under a subrogation theory or otherwise), are hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Settling Class Action Defendants any such claim for contribution, and each and every Settling Class Action Defendant is hereby permanently enjoined from commencing, prosecuting, or asserting against any Person, including without limitation, Andersen or any Non-Settling Class Action Defendant, any such claim for contribution.  In accordance with

1244965

- 17 -

15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against a Non-Settling Class Action Defendant shall be reduced by the greater of (x) an amount that corresponds to the percentage of responsibility of the Settling Class Action Defendants for the loss to the Settlement Class or a Settlement Class Member, or (y) the amount paid by or on behalf of the Settling Class Action Defendants to the Settlement Class in connection with the Settlement.

(b)     The Court finds that the Stipulation represents a good faith settlement of all Released Claims of all Settlement Class Members sufficient to discharge Settling Defendants and the Released Class Action Parties of all Released Claims of all Settlement Class Members.  In order to effectuate such settlement, the Court hereby enters the following bar:

(i)     Any and all Non-Settling Class Action Defendants and Andersen are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Released Class Action Party (other than Andersen), however styled, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state, federal, or common law, whether for indemnification or contribution or otherwise denominated, including, without limitation, any claim for breach of contract or misrepresentation, where the claim is based upon, arises out of, or relates to the Class Action or the Shareholder Derivative Actions (including any matters that were alleged or could have been alleged in the Class Action or Shareholder Derivative Actions) including, without limitation, any claim in which a Non-Settling Class Action Defendant or Andersen seeks to recover from any of the Released Class Action Parties (1) any amounts that a Non-Settling Class Action Defendant or Andersen has paid, become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in the Class Action, the Shareholder Derivative Actions or any action in which one or more Settlement Class Members who validly and timely excluded themselves from the Settlement Class seek a recovery on account of any matters that were alleged or that could have been alleged in the Class Action (the "Opt-out Actions"), and/or (2) any costs, expenses, or attorneys' fees that a Non-Settling Class Action Defendant or Andersen has incurred or may incur in defending against any claim in the Class Action, the Shareholder Derivative Actions or the Opt-out Actions.  All such claims are hereby extinguished, discharged, satisfied and unenforceable (hereinafter "Barred Claims");

(ii)     Any and all Released Class Action Parties (other than Andersen) are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Non-Settling Class Action Defendants or Andersen, however styled, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state, federal, or common law, whether for indemnification or contribution or otherwise denominated, including, without limitation, any claim for breach of contract or misrepresentation, where such claim is based upon, arises out of, or relates to the Class Action or the Shareholder Derivative Actions (including any matters that were alleged or could have been alleged in the Class Action or the Shareholder Derivative Actions), including, without limitation, any claim in which a Released Class Action Party seeks to recover from any of the Non-Settling Class Action

1244965

- 18 -

Defendants or Andersen (1) any amounts such Released Class Action Party has paid, become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in the Class Action, the Shareholder Derivative Actions or the Opt-out actions, and/or (2) any costs, expenses, or attorneys' fees that the Released Class Action Parties have incurred or may incur in defending against any claim in the Class Action, the Shareholder Derivative Actions, or the Opt-out Actions.  All such claims are hereby extinguished, discharged, satisfied and unenforceable hereinafter;

(iii)    Because the Non-Settling Class Action Defendants are barred from asserting any Barred Claims against the Settling Class Action Defendants, any judgments entered against the Non-Settling Class Action Defendants by the Settlement Class or any Settlement Class Members shall be reduced by an amount equal to the value as determined by the Court of such Barred Claims (provided, however, that to the extent such Barred Claims constitute claims for contribution within the meaning of 15 U.S.C. § 78u-4(f)(7)(A), the reduction provisions set forth in 15 U.S.C. § 78u-4(f)(7)(B) shall apply);

(iv)    If the Settlement Class or any Settlement Class Member brings a claim against any Person that is based upon, arises out of, or relates to the Class Action or any matters that were alleged or could have been alleged in the Class Action (the "Underlying Action"), and notwithstanding ¶ 6.2(a) and ¶ 6.2(b)(i), that Person obtains a recovery against a Released Class Action Party that is based, in whole or in part, on (1) any amounts that such Person has become liable to pay or may become liable to pay in the Underlying Action, and/or (2) any costs, expenses or attorneys' fees that such Person has incurred or may incur in the Underlying Action (amounts (1) and (2) being collectively the "Reduction Amount"), the Settlement Class and the Settlement Class Members agree that they will reduce or credit any judgment or settlement with such Person (up to the amount of such judgment or settlement) by the Reduction Amount, which amount shall then also be credited to the Released Class Action Party.

(c)    Provided, however, that nothing in this Judgment shall release, bar, enjoin, or otherwise restrain any claim between Charter and any current or former Charter employee regarding indemnification, advancement, and/or recoupment of fees, costs, and expenses.

g. **Releases**

7.1.    Upon the Effective Date, the Class Action Plaintiff shall release, relinquish and discharge, and each of the Settlement Class Members (other than those Settlement Class Members who validly and timely request exclusion from this Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Released Class Action Parties (which does not include defendants Motorola, Inc., or Scientific Atlanta, Inc.) from all Released Claims (including "Unknown Claims"), and from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the defense, or resolution of the Class Action or the Released Claims, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.  Claims for violation of this Stipulation (including any exhibits) are preserved.

1244965

7.2.    Upon the Effective Date, each of the Settling Class Action Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Class Action Plaintiff, the Settlement Class Members (other than those Settlement Class Members who validly and timely request exclusion from this Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto), Class Action Plaintiff's Counsel, and counsel for all other plaintiffs in the Class Action from any claims (including "Unknown Claims") arising out of, relating to, or in connection with the commencement, prosecution, assertion or resolution of the Class Action or the Released Claims.  Claims for violation of this Stipulation (including any exhibits) are preserved.

7.3.    Except as otherwise expressly provided for in this Stipulation, the Settling Class Action Parties shall each bear their own respective attorneys' fees, expenses and costs incurred in connection with the conduct and settlement of the Class Action, and the preparation, implementation and performance of the terms of this Stipulation.

7.4.    Only those Settlement Class Members filing valid and timely Proofs of Claim and Release shall be entitled to participate in the Settlement and receive any distributions from the Settlement Fund.  The Proofs of Claim and Release to be executed by the Settlement Class Members shall release all Released Claims against the Released Class Action Parties, and shall be substantially in the form and content of Exhibit E-3 hereto.  All Settlement Class Members shall be bound by the releases set forth herein and therein whether or not they submit a valid and timely Proof of Claim and Release.

### h.  Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of Settlement Fund

8.1.    Class Action Plaintiff's Counsel, or its authorized agents, acting on behalf of the Settlement Class shall formulate a Plan of Allocation of the Settlement Fund to the Settlement Class Members, subject to the approval of the Court.  The Claims Administrator, subject to the supervision, direction and approval of the Court, shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of that portion of the Settlement Fund that is finally awarded by the Court to Authorized Claimants.  The Settling Class Action Parties expressly agree that any change, modification, or alteration to the Plan of Allocation by the Court shall not be grounds for termination of the Settlement.

8.2.    The Settlement Fund shall be applied as follows:

i.    To pay 96.6% of all unpaid costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class Members and to current shareholders of Charter including, locating Settlement Class Members and current shareholders of Charter, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to the Settlement Class, processing Proofs of Claim and Release and paying escrow fees and costs, if any;

ii.    To pay, following the Effective Date, unpaid costs and expenses incurred in soliciting Settlement Class claims, assisting with the filing of such claims,

1244965

- 20 -

administering and distributing the Net Settlement Fund (as defined below) to the Settlement Class, processing Proofs of Claim and Release, and paying escrow fees and costs, if any;

        iii.     To pay, pursuant to ¶ 9.2 below, 96.6% of Class Action Plaintiff's Counsel's attorneys' fees, expenses and costs, with interest thereon, and any fees and expenses awarded to counsel in the Shareholder Derivative Actions (which in no event shall exceed $2.25 million), if and to the extent allowed by the Court;

        iv.     To pay, following the Effective Date, any Compensatory Award granted Class Action Plaintiff by the Court, as described in ¶ 5.1; and

        v.     To distribute, following the Effective Date, the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation or the Court.

    8.3    After the Effective Date and subject to such further approval and further order(s) of the Court as may be required, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

        (a)     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a separate completed Proof of Claim and Release as attached to the Notice and substantially in the form and content of Exhibit E-3 hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

        (b)     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or who have not already done so, shall be forever barred from receiving any payments of money or stock pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the Settlement and releases contained herein, and the Judgment.

        (c)     The Net Settlement Fund shall be distributed to the Authorized Claimants in accordance with and subject to the Plan of Allocation to be described in the Notice mailed to Settlement Class Members. The proposed Plan of Allocation shall not be a part of the Stipulation.

    8.4    The Released Class Action Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) the investment or distribution of the Settlement Fund; (b) the Plan of Allocation or any other act described in this ¶ 8 or any of its subparagraphs; (c) the determination or administration of taxes; or (d) any losses incurred in connection with (a), (b) or (c). No Person shall have any claim of any kind against the Released Class Action Parties with respect to the matters set forth in this ¶ 8 or any of its subparagraphs.

    8.5    No Person shall have any claim against the Class Action Plaintiff or Class Action Plaintiff's Counsel, or any Claims Administrator, or other agent designated by Class

1244965

Action Plaintiff's Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

8.6    It is understood and agreed by the Settling Class Action Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, without limitation, any adjustments to an Authorized Claimant's claim set forth therein, is not a material part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Class Action Parties, or any other orders entered pursuant to the Stipulation.

### i.    Class Action Plaintiff's Counsel's Attorneys' Fees And Reimbursement Of Expenses

9.1.    The Class Action Plaintiff or its counsel may submit an application or applications for an order (the "Fee and Expense Application") for distributions to them from the Settlement Cash and Securities for:  (i) an award of attorneys' fees plus (ii) reimbursement of all expenses and costs, including the fees of any experts or consultants, incurred in connection with prosecuting the Class Action, (iii) interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court, and (iv) grant of a Compensatory Award to Class Action Plaintiff by the Court (as described in ¶ 5.1).

9.2.    Within five (5) business days after the Court executes an order awarding attorneys' fees, expenses and costs, including the fees of experts and consultants, (the "Fee and Expense Award"), 96.6% of that Award allocable to the Settlement Cash (i.e., $64 million plus interest divided by $144 million plus interest) shall be transferred to Class Action Plaintiff's Counsel from the Settlement Cash.  In the event that the Stipulation and the Settlement set forth herein does not become Final for any reason, or the Judgment or the Order making the Fee and Expense Award is reversed or modified on appeal, and in the event that the Fee and Expense Award has been paid to any extent, then Class Action Plaintiff's Counsel shall within five (5) business days from the event which precludes the Effective Date from occurring or such reversal or modification, refund to the Settlement Cash the fees, expenses, costs and interest previously paid to it from the Settlement Cash, including accrued interest on any such amount at the average rate earned on the Settlement Cash from the time of withdrawal until the date of refund.  The Class Action Plaintiff's Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this ¶ 9.2 of the Stipulation.  Without limitation, Class Action Plaintiff's Counsel's law firm and its partners and/or shareholders agree that the Court may, upon application of Settling Class Action Defendants, on notice to Class Action Plaintiff's Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate

1244965

findings of or sanctions for contempt, against it should Class Action Plaintiff's Counsel fail timely to repay fees and expenses pursuant to this ¶ 9.2 of the Stipulation.

9.3.    The Released Class Action Parties shall have no responsibility for, and no liability whatsoever with respect to, any fee and expense award to Class Action Plaintiff's Counsel, or to any other Person who may assert some claim thereto, except as provided herein.

9.4.    The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Class Action set forth herein.

9.5.    Class Action Plaintiff's Counsel shall be authorized by the Court to allocate the attorney's fees among all counsel representing Class Action Plaintiff and the Class for any work performed by such counsel that was authorized by Class Action Plaintiff's Counsel and contributed to the effective litigation of the Class Action.

9.6.    Any fees and expenses awarded to counsel in the Shareholder Derivative Actions shall be paid from the Settlement Cash, but in no event shall exceed $2.25 million, and shall be transferred to counsel in the Shareholder Derivative Actions within five (5) business days after the Court executes an order awarding such fees and expenses.

### j.    Conditions Of Settlement, Effect Of Disapproval, Cancellation Or Termination

10.1    This Settlement shall be terminated in the event that any of the following occurs:  (1) any of the conditions set forth in ¶ 10.2 below are not satisfied; (2) Charter exercises its right to terminate the Settlement pursuant to ¶ 2.10(a) or ¶ 10.4; (4) the Settlement does not become Final for any reason; (5) failure on the part of any of the Settling Class Action Parties to abide, in any material respect, with the terms of the Stipulation.

10.2    Unless otherwise agreed by Class Action Plaintiff's Counsel and counsel for Settling Class Action Defendants in writing, this Stipulation shall be terminated in the event that any of the following conditions is not met:

     i.    The transfer into the Escrow Account of the Settlement Cash following entry of an order giving preliminary settlement approval, no later than five (5) business days following entry of such order;

     ii.    The issuance of the Settlement Securities no later than five (5) business days after the Final Valuation Date, as required by ¶¶ 2.8-2.11, above;

1244965