UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARTHUR J. COHN, Derivatively on Behalf of
Nominal Defendant CHARTER
COMMUNICATIONS, INC.,

        Plaintiffs,

v.

RONALD L. NELSON, PAUL G. ALLEN,      No. 4:03-CV-00177-CAS
MARC B. NATHANSON, NANCY B.
PERETSMAN, WILLIAM D. SAVOY, JOHN H.
TORY, CARL E. VOGEL, and LARRY W.
WANGBERG,

        Defendants,

and

CHARTER COMMUNICATIONS, INC.,

        Nominal Defendant.

ORDER PRELIMINARILY APPROVING SETTLEMENT
AND APPROVING THE FORM AND MANNER OF NOTICE

The Court has received the Stipulation of Settlement (the "Stipulation"), dated as of January 24, 2005 that has been entered into by the Settling Derivative Parties. The Court has reviewed the Stipulation and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED as follows:

1. The Court, for purposes of this preliminary order (the "Notice Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court preliminarily approves the settlement of the Derivative Actions as set forth in the Stipulation.

3. The Court approves as to form and content, and for distribution to Settlement Class Members, the Notice of Pendency and Settlement of Derivative Actions (the "Notice"), substantially in the form of Exhibit E-1 hereto, and for publication of a Summary Notice of Proposed Settlement of Derivative Actions (the "Summary Notice"), substantially in the form of Exhibit E-2.

4. Pending resolution of these settlement proceedings, Settling Derivative Plaintiffs and all other Charter stockholders, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in any of the Derivative Actions, shall not institute or prosecute any claims against the Settling Derivative Defendants, Andersen, or the Released Derivative Parties which have been or could have been asserted in the Derivative Actions, or that arise out of all or any part of the subject matter of this litigation.

5. Derivative Plaintiffs' Counsel is hereby authorized to retain the firm of Berdon LLP as Claims Administrator to supervise and administer the notice procedures.

6. Derivative Plaintiffs' Counsel shall make reasonable efforts to identify all Persons who are Charter stockholders, including beneficial owners whose shares of Charter common stock are held by banks, brokerage firms, or other nominees. Derivative Plaintiffs' Counsel shall cause the Claims Administrator to send the Notice by first class mail to all Persons who are holders of Charter common stock as of January 24, 2005. The mailing of the Notice form shall commence on or before _Feb. 25_, 2005 (the "Notice Date"). Pursuant to the Notice, each nominee shall either: (1) send the Notice to the Charter stockholders for which they act as nominee by first class mail within ten (10) days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice to all Charter stockholders who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees out of the Class Action Settlement Cash (such payments to be charged against the contribution of each Class Action Settling Defendant in proportion to the contribution of each to the Class Action Settlement Cash) solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Charter stockholders, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

1244958

Derivative Plaintiffs' Counsel shall file with the Court and serve upon Settling Derivative Defendants' counsel no later than seven (7) days prior to the Settlement Hearing an affidavit or declaration describing the efforts taken to comply with this order and stating that the mailings have been completed in accordance with the terms of this Notice Order.

7. Within ten (10) business days of the Notice Date, Derivative Plaintiffs' Counsel shall publish a Summary Notice substantially in the form of Exhibit E-2 hereto once in *The Wall Street Journal*, and shall distribute said Summary Notice twice through an Internet wire service. Derivative Plaintiffs' Counsel shall file with the Court and serve upon Settling Derivative Defendants' counsel no later than seven (7) days prior to the Settlement Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this order.

8. The Court finds that dissemination of the Notice and Proof of Claim in the manner required by ¶ 6 herein, and publication of the Summary Notice in the manner required by ¶ 7 herein, constitute the best notice practicable under the circumstances to Charter stockholders and meet the requirements of Missouri law, due process under the United States Constitution, and any other applicable law.

9. Any Charter stockholder who objects to the settlement of the Derivative Actions or the adequacy of representation by Derivative Plaintiffs' Counsel shall have a right to appear and be heard at the Settlement Hearing. Any Charter stockholder may enter an appearance through counsel of such stockholder's own choosing and at such stockholder's own expense or may appear on their own. However, no Charter stockholder shall be heard at the Settlement Hearing unless, on or before __April 29__, 2005, such Person has filed with the Court a written notice of objection, and the grounds for opposing the Settlement or application for attorneys' fees, costs and expenses, along with proof of ownership of Charter stock, and delivered a copy to the following counsel: Wechsler Harwood LLP, Robert I. Harwood, Esq., 488 Madison Avenue, 8th Floor, New York, NY 10022; Schiffrin & Barroway, LLP, Eric L. Zagar, Esq., Three Bala Plaza East, Suite 400, Bala Cynwyd, PA 19004; Irell & Manella LLP, David Siegel, Esq., David Schwarz, Esq., Craig Varnen, Esq., 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067; and Mayer, Brown, Rowe & Maw LLP, Jonathan C. Medow, Esq., John J. Tharp, Jr., Esq., 190 South LaSalle St., Chicago, IL 60603. The manner in which a notice of objection must be prepared, filed, and delivered shall be stated in the Notice. Only Charter stockholders who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

10. All costs of notice associated with the implementation of the Settlement shall be paid out of the Class Action Settlement Cash paid by or on behalf of Settling Class Action Defendants, in proportion to their contribution thereto.

11. A Settlement Hearing will be held on __May 23__, 2005, at __10 A__.m. before this Court to determine whether the proposed settlement of the Derivative Actions as set forth in the Stipulation, should be approved as fair, just, reasonable and adequate as to each of the Settling Derivative Parties, and whether the Final Judgment approving the

Settlement should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to the Charter stockholders.

12. Derivative Plaintiffs' Counsel's application for an award of attorneys' fees, costs, and expenses will be heard by the Court in connection with the Class Action Settlement.

13. No later than seven (7) days before the Settlement Hearing, all briefs supporting the Settlement shall be served and filed.

14. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Derivative Defendants, Andersen, or their Related Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Derivative Defendants or Andersen in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

15. All proceedings in the Federal Court Derivative Action as to the Settling Derivative Defendants are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

16. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Charter stockholders.

DATED: *February 15, 2005*

THE HONORABLE CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Submitted by:

WECHSLER HARWOOD LLP
Robert I. Harwood, Esq.
488 Madison Avenue, 8th Floor
New York, NY 10022

Attorneys for Plaintiff Arthur J. Cohn


SCHIFFRIN & BARROWAY, LLP
Eric L. Zagar, Esq.
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Attorneys for Plaintiff Kenneth R. Stacey


IRELL & MANELLA LLP
David Siegel, Esq.
David Schwarz, Esq.
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Attorneys for Nominal Defendant Charter
Communications, Inc. and current or former directors
Ronald L. Nelson, Marc B. Nathanson, Nancy B. Peretsman,
William D. Savoy, John H. Tory,
Carl E. Vogel, and Larry W. Wangberg

THOMPSON COBURN LLP
Roman P. Wuller, Esq.
Stephen B. Higgins, Esq.
One US Bank Plaza
St. Louis, MO 63101

Attorneys for Nominal Defendant Charter Communications, Inc.


FOSTER PEPPER & SHEFELMAN PLLC
Timothy J. Filer, Esq.
1111 Third Avenue
Suite 3400
Seattle, WA 98101

DORSEY & WHITNEY, LLP
Peter S. Ehrlichman, Esq.
1420 Fifth Avenue
Suite 3400
Seattle, Washington 98101

Attorneys for Defendant Paul G. Allen


BRYAN CAVE, LLP
Edward L. Dowd, Jr., Esq.
James F. Bennett, Esq.
One Metropolitan Square
211 North Broadway
St. Louis, MO 63102

Attorneys for Defendant Carl E. Vogel


MAYER, BROWN, ROWE & MAW LLP
Jonathan C. Medow, Esq.
John J. Tharp, Esq.
190 South LaSalle St.
Chicago, IL 60603

Attorneys for Defendant Arthur Andersen LLP