# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ARTHUR J. COHN, Derivatively on Behalf of
Nominal Defendant CHARTER
COMMUNICATIONS, INC.,

        Plaintiffs,

v.

RONALD L. NELSON, PAUL G. ALLEN,    No. 4:03-CV-00177-CAS
MARC B. NATHANSON, NANCY B.
PERETSMAN, WILLIAM D. SAVOY, JOHN H.
TORY, CARL E. VOGEL, and LARRY W.
WANGBERG,

        Defendants,

and

CHARTER COMMUNICATIONS, INC.,

        Nominal Defendant.

**JUDGMENT AND ORDER OF DISMISSAL**

## EXHIBIT B

This matter came on for hearing on **MAY 23**, 2005 upon the application of the Settling Derivative Parties for approval of the settlement as set forth in the Stipulation of Settlement dated as of January 24, 2005 (the "Stipulation"). Due and adequate notice having been given to the Charter Communications, Inc. stockholders, and the Court having considered the Stipulation, all papers filed and proceedings held herein, all oral and written comments received regarding the proposed settlement, and having reviewed the entire record in the actions, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal (the "Judgment"), adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Derivative Actions, including, without limitation, the Settling Derivative Parties and all Charter stockholders.

3. The Court finds that the distribution of the Notice of Pendency and Settlement of Derivative Actions and the publication of the Summary Notice of Proposed Settlement as provided for in the Order Preliminarily Approving Settlement and Approving the Form and Manner of Notice constituted the best notice practicable under the circumstances to all Persons who are Charter stockholders and fully met the requirements of Missouri law, due process, Federal Rule of Civil Procedure 23.1, the United States Constitution, and any other applicable law.

4. The Court finds and concludes that Derivative Plaintiffs' Counsel fairly and adequately represented the interests of Charter and the Charter stockholders.

5. The Court approves the Settlement of the Derivative Actions as set forth in the Stipulation and Amendment thereto, including, without limitation, each of the releases set forth in the Stipulation, the settlement of the Derivative Claims, and all other terms. The Court finds that the settlement set forth in the Stipulation and the Amendment thereto is in all respects fair, reasonable and adequate to the Settling Derivative Parties, including, without limitation, Charter and the Charter stockholders, and that the settlement of the Derivative Actions, including, without limitation, the Released Claims, is on terms which constitute reasonable consideration to Charter for the release of the Released Claims.

6. The Settling Derivative Parties are directed to perform in accordance with the terms set forth in the Stipulation and the Stipulation shall be enforced according to its terms, including without limitation the requirement that the Settling Derivative Parties will jointly file a Stipulation of Dismissal of the State Court Derivative Actions in accordance with a stipulated judgment.

7. The Federal Court Derivative Action and all claims contained therein, as well as all the Released Claims, are dismissed with prejudice as to the Settling Derivative Parties. The Settling Derivative Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. All Persons, firms, corporations or other entities, including Charter and its stockholders, and the beneficial owners of Charter stock, whether or not such Persons appeared in these Derivative Actions, are forever barred from prosecuting any and all Released Claims on behalf of Charter against the Released Derivative Parties.

9. Upon the Effective Date, except as set forth in paragraph 13 below, the Settling Derivative Plaintiffs shall release, relinquish and discharge, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Released Derivative Parties from all Released Claims (including Unknown Claims), and from all claims (including Unknown Claims), arising out of, relating to, or in connection with the defense, or resolution of the Derivative Actions or the Released Claims.

10. Upon the Effective Date, each of the Settling Derivative Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Settling Derivative Plaintiffs and Derivative Plaintiffs' Counsel from the filing and prosecution of any lawsuit or claim by the Settling Derivative Defendants based on any claims (including Unknown Claims) alleged or which could have been alleged in the Derivative Actions against the Settling Derivative Plaintiffs or Derivative Plaintiffs' Counsel arising out of, relating to, or in connection with the commencement, prosecution, assertion or resolution of the Derivative Actions or the Released Claims.

11. Upon the Effective Date, except as set forth in paragraph 13 below, the Settling Derivative Defendants and Charter shall be deemed to have released, relinquished and discharged, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Andersen from all claims arising out of, relating to, or in connection with the defense or resolution of the Derivative Actions.

12. Upon the Effective Date, except as set forth in paragraph 13 below, Andersen shall be deemed to have released, relinquished and discharged, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Charter, the Settling Derivative Defendants and all entities owned, affiliated or controlled by them, all current and former Charter directors and officers and each of their respective agents, employees, consultants, insurers, attorneys, advisors, successors, heirs, assigns, executors, personal representatives, marital communities and immediate families from all claims arising out of, relating to, or in connection with the defense or resolution of the Derivative Actions.

13. However, in an abundance of caution and to avoid any representation to the contrary (but not to expand by implication the scope of this release), nothing in the Stipulation or the Judgment shall constitute a release of any of the following claims: (a) any claim between Charter and any current or former Charter employee regarding indemnification, advancement, and/or recoupment of fees, costs, and expenses; (b) any claim under state law between Charter and David L. McCall relating to (without limitation) any allegation of self-dealing, usurpation of corporate opportunities, fraud, or conversion in connection with McCall's performance of his duties as an officer of Charter; or (c) any claim regarding, relating to, or arising from, directly or indirectly, the "Equity Put" dispute arising from the acquisition of the cable systems owned by Bresnan Communications Company

- 3 -

Limited Partnership in February 2000, as discussed on pages 112-113 of Charter's 2004 10-K; provided, however, that this shall not affect the release of any claims brought derivatively on behalf of Charter, as set forth in paragraph 9 above.

14. Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation.

15. Derivative Plaintiffs' Counsel are hereby awarded fees, expenses, and disbursements in the amount of $ __2.25 million dollars__, with such payments to be made in accordance with the terms of the Stipulation.

16. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released claim, or of any wrongdoing or liability of the Settling Derivative Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Derivative Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Released Derivative Parties under the Stipulation or any of its integrated agreements may file the Stipulation, its integrated agreements, and/or the Judgment from the Derivative Actions in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Derivative Parties may file the Stipulation and any of its integrated agreements in any proceeding brought to enforce any of their terms or provisions.

17. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Federal Court Derivative Action, including, without limitation, the Settling Derivative Parties and all Charter stockholders for the purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation and its integrated agreements; and (b) other matters related or ancillary to the foregoing.

18. In the event that the Effective Date does not occur or the Stipulation is terminated by the Settling Derivative Parties in accordance with its terms, then this Judgment shall be rendered null and void and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

**IT IS SO ORDERED.**

DATED: *June 30, 2005*  /s/ Charles A. Shaw

THE HONORABLE CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE